KYLE VIRGIEN (SBN 278747)
kvirgien@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Tel.: (202) 393-4930

MARISOL DOMINGUEZ-RUIZ (SBN 345416) (*application for admission forthcoming*)
mdominguez-ruiz@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Tel.: (202) 548-6616

EUNICE CHO (*pro hac vice application forthcoming*)
echo@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 3:23-cv-3450<br><br>**COMPLAINT** |

**INTRODUCTION**

1. Plaintiff American Civil Liberties Union ("ACLU"), brings this action against United States Immigration and Custom's Enforcement ("ICE") and United States Department of Homeland Security ("DHS") under 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of the Freedom of Information Act ("FOIA") to immediately release improperly withheld agency records related to electronic legal research media provided to people held in ICE custody.

2. ICE detains over 29,000 people each day in detention centers nationwide.[1] There are approximately 200 detention facilities in the nation.[2]

3. Although immigrants have a right to counsel in immigration proceedings, courts have not yet recognized a right to government-appointed counsel as there is in the criminal legal system.[3] Detained immigrants rely on private counsel, pro bono representation, or *pro se* representation throughout their immigration proceedings.

4. On average, only 14 percent of people detained in ICE custody are represented by an attorney in their immigration proceedings.[4] Detained immigrants with counsel experience more successful outcomes compared to people without legal representation.[5] For example, 18 percent of people without representation were granted a custody hearing versus 44 percent of people with

---

[1] Transactional Records Access Clearinghouse (TRAC), Syracuse University, *Immigration: Quick Facts*, https://trac.syr.edu/immigration/quickfacts/ (last updated June 18, 2023).
[2] ICE, ERO Custody Management Division, *List of ICE Dedicated and Non-Dedicated Facilities*, https://www.ice.gov/doclib/facilityInspections/dedicatedNonDedicatedFacilityList.xlsx (last updated Oct. 11, 2022).
[3] 8 U.S.C.A. § 1362 (provides the right to counsel in any removal proceedings before an immigration judge); U.S.C.A § 1229a(b)(4)(A) (providing that an "alien shall have the privilege of being represented, at no expense to the Government, by counsel" in removal proceedings); *see also Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (court points to Congress's recognition of right to counsel in removal proceedings grounded in "the Fifth Amendment guarantee of due process").
[4] American Immigration Council, *Special Report: Access to Counsel in Immigration Court*, 4-5 (Sep. 2016) https://www.americanimmigrationcouncil.org/sites/default/files/research/access_to_counsel_in_immigration_court.pdf.
[5] *Id.* at 15-22.

representation.[6] Similarly, people in detention with representation who had a custody hearing were four times more likely to be released.[7] Detained people with representation are likelier to seek and obtain relief from deportation compared to people without representation.[8]

5. In the absence of counsel, and in light of the multiple barriers that impede effective attorney-client communication, detained people are overwhelmingly left to argue their cases against government lawyers pro se, with limited knowledge of the immigration laws. For this reason, access to adequate legal materials in detention is even more critical for detained people.

6. ICE detention facilities are responsible for providing a "properly equipped law library."[9] Detention facilities make law library materials available to detained people in electronic form, on computers in the facility law library.[10] ICE has claimed that detention law libraries "contain comprehensive legal materials" that provide primary sources, secondary sources, self-help

---

[6] *Id*. at 16.
[7] For example, 44 percent of represented people were released compared to only 11 percent of unrepresented people. *Id*. at 17.
[8] For example, 32 percent of people with representation applied for relief compared to 3 percent of people without representation and 49 percent of people with representation were granted relief compared to 23 percent without representation). *Id*. at 20-21.
[9] ICE, Performance-Based National Detention Standards, *Law Libraries and Legal Material*, 2-4 (Dec. 2, 2008), https://www.ice.gov/doclib/dro/detention-standards/pdf/law_libraries_and_legal_material.pdf, [hereinafter "ICE, *PBNDS 2008*"].
[10] For example, ICE's National Detention Standards 2019 states that each "facility shall provide a law library" and "ICE/ERO shall provide each facility an electronic version of required ICE/ERO law library reference materials." *See* ICE, National Detention Standards 2019, *Standard 6.3 Law Libraries and Legal Materials*, 185-86 (Revised 2019), https://www.ice.gov/doclib/detention-standards/2019/6_3.pdf [hereinafter "ICE, NDS 2019"] *See also* ICE*, PBNDS, 2008,* at 2-4 ("facility shall provide a properly equipped law library" and "may substitute the Lexis/Nexis publications on CDROM"); ICE, National Detention Standards 2000, *Access to Legal Material*, 1-2 (Sept. 20, 2000), https://www.ice.gov/doclib/dro/detention-standards/pdf/legal.pdf ("facility shall provide a law library" which "shall contain the materials listed in Attachment A ["List of Legal Reference Materials for Detention Facilities"]") [hereinafter "ICE, *NDS 2000*"]; ICE, Performance-Based National Detention Standards 2011, *6.3 Law Libraries and Legal Material*, 422-23 (Revised Dec. 2016), https://www.ice.gov/doclib/detention-standards/2011/6-3.pdf ("facility shall provide a properly equipped law library" and "[r]egardless of whether paper versions are provided, facilities must make available in the law library any electronic media provided by ICE/ERO…may include CD-ROMs OR External Hard Drives.") [hereinafter "ICE, *PBNDS 2011*"]; ICE, Family Residential Standards*, 6.3 Law Libraries and Legal Material*, 3 (revised 2020), https://www.ice.gov/doclib/frs/2020/6.3_LawLibrariesLegalMaterial.pdf ("Centers may make available in the law library the LexisNexis CD-ROM (or the ICE/ERO-approved equivalent) provided by ICE/ERO containing the required publications") [hereinafter, "ICE, *FRS 2020*"].

3

COMPLAINT

1 materials in multiple languages, and relevant government forms for detained people to pursue relief.[11]

7. ICE's provision of electronic legal materials in detention facilities is a matter of public interest and concern, given the overwhelming number of detained people without legal representation. In addition, people who have a better understanding of their legal rights often navigate immigration proceedings more quickly, which increases court efficiency and shortens the length of detention.[12]

8. Plaintiff submitted a FOIA request on March 30, 2023, to Defendants ICE and DHS seeking to provide the public with information about electronic legal research materials provided by ICE to people held in ICE detention facilities.

9. Defendants have failed to comply with the ACLU's FOIA request in the required timeframe under FOIA. Defendant DHS acknowledged the receipt of the ACLU's FOIA request but has failed to comply. Defendant ICE acknowledged the receipt of this request after a referral from Defendant DHS. Neither agency has complied with the request.

10. As of the date of the filing of this Complaint, Plaintiffs still have yet to receive the requested documents.

## JURISDICTION

11. This Court has federal subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. This Court has the authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

---

[11] ICE, *Legal Access in Detention At A Glance*, 2 (Aug. 2021), https://www.ice.gov/doclib/detention/LegalAccessAtAGlance.pdf.

[12] Nina Siulc, Zhifen Chen, Arnold Son, and Olga Byrne, Vera Institute of Justice Center on Immigration and Justice, *Improving Efficiency and Promoting Justice in the Immigration System: Lessons from the Legal Orientation Program*, 3 (May 2008), https://www.vera.org/downloads/publications/LOP_Evaluation_May2008_final.pdf.

12. Venue lies in this district is premised on the place of business of the ACLU and is proper in this district under to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13. Plaintiff ACLU is a non-profit, non-partisan organization dedicated to the principles of liberty and equality and to ensuring that the government complies with the Constitution and laws. Plaintiff educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties. The ACLU is also committed to transparency and accountability in government and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about government activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed forms) are critical and substantial components of the ACLU's work.

14. Defendant DHS is an agency of the U.S. government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. DHS has possession, custody, and control of the records that the ACLU seeks, including through its component office ICE.

15. Defendant ICE is a component of the Department of Homeland Security and an agency of the U.S. government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. ICE has a field office in San Francisco, and has possession, custody, and control of the records that Plaintiffs seek.

## STATUTORY AND LEGAL FRAMEWORK

16. The Freedom of Information Act was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to ensure an informed citizenry, which is vital to the functioning of a democratic society and needed as a check against corruption and to hold the governors accountable to the governed. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

17. FOIA requires an agency to make an adequate search for responsive records that is "reasonably calculated to uncover all relevant documents." *Transgender L. Ctr. v. Immigr. &*

5

*Customs Enf't*, 33 F.4th 1186, 1194 (9th Cir. 2022) (quoting *Hamdan v. Dep't of Just.*, 797 F.3d 759, 770 (9th Cir. 2015)), *amended and superseded on other grounds by* 46 F.4th 771 (2022). "[A]gencies must demonstrate adequacy . . . 'beyond a material doubt.'" *Id.*

18. The FOIA statute, 5 U.S.C. § 552, requires federal agencies to disclose records in response to a member of the public's request, unless those records fall within nine narrow statutory exemptions. 5 U.S.C. §§ 552(a)(3)(A), 552(b)(1)–(9).

19. An agency must respond to a FOIA request within 20 working days after receipt of a request, notifying the requester of the agency's determination whether or not to fulfill the request, providing the reasons for its determination, and informing the requester of his or her right to appeal the agency's determination to the agency head. *See* 5 U.S.C. § 552(a)(6)(A)(i).

20. In "unusual circumstances," an agency may postpone its response to a FOIA request or appeal, but it must provide notice and the date on which a determination is expected to be dispatched. *See* 5 U.S.C. § 552(a)(6)(B). Generally, such notice shall not result in an extension for more than 10 working days. *See id.*

21. If the agency fails to comply with a request within the statutory time period, a FOIA requester is deemed to have exhausted its administrative remedies and can proceed directly to the district court, where the agency must show "exceptional circumstances" justifying its untimeliness and due diligence in remedying the violation. *See* 5 U.S.C. § 552(a)(6)(C).

22. The Electronic Freedom of Information Act Amendments of 1996 requires federal agencies to "provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format" and to "make reasonable effort to search for the records in electronic form or format." 5 U.S.C. § 552(a)(3)(B) and (C); *see also* Pub. L. No. 104-231 (HR 3802).

23. The requested electronic records are reasonably and readily reproducible, as ICE reproduces these materials on CD-ROMs or external hard drives for distribution to immigration detention facilities.[13] *TPS, Inc. v. U.S. Dept. of Defense*, 330 F.3d 1191, 1192 (9th. Cir. 2003); *see*

---

[13] *See supra* note 10.

*also Scudder v. Cent. Intel. Agency*, 25 F. Supp. 3d 19, 36 (D.D.C. 2014) (noting that "whenever agency already maintains a record in more than one form or format, the requester can choose the one in which it will be disclosed").

24. A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *See* 5 U.S.C. §§ 552(a)(4)(B).

25. A FOIA requester can seek a waiver of search and review fees on the ground that the disclosure of the information is in the public interest because it is likely to contribute significantly to the public's understanding of the operations and activities of the government, and is not primarily in the commercial interest of the requester. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Requests for fee waivers are to be "liberally construed in favor of waivers for noncommercial requesters." *Envt'l Prot. Info. Ctr. v. U.S. Forest Serv.*, 432 F.3d 945, 947 (9th Cir. 2005) (citations omitted).

26. A FOIA requester can also seek a waiver of search and review fees on the grounds that the requester is a "representative of the news media," and the records are not sought for a commercial purpose. *See* 5 U.S.C. § 552(a)(4)(A)(ii). A representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *Id.*

## FACTUAL BACKGROUND

27. ICE holds immigrants at approximately 200 detention facilities in the United States, all of which are subject to the agency's detention standards.[14] A detention facility may be operated by one of the five agency standards: National Detention Standards (NDS), 2008 Performance-Based National Detention Standards (PBNDS 2008), Performance-Based National Detention Standards 2011 revised in 2016 (PBNDS 2011), ICE National Detention Standards 2019 (NDS

---

[14] ICE, ERO Custody Management Division, *List of ICE Dedicated and Non-Dedicated Facilities*, https://www.ice.gov/doclib/facilityInspections/dedicatedNonDedicatedFacilityList.xlsx (last updated Oct. 11, 2022).

2019), or Family Residential Standards revised in 2020 (FRS 2020) (collectively "ICE detention standards").

28. ICE detention standards require facilities to ensure detainees access to comprehensive legal materials, including an electronic law library, to protect their rights.

29. Facilities have a responsibility to provide a "properly equipped law library" which may be available in electronic format.[15] Because paper versions of legal materials are now optional, most facilities must have an electronic version, either on a CD-ROM or external hard drive.[16]

30. ICE detention standards also require that detainees are provided at least five hours of access per week to a detention facility law library.[17] The law libraries must be equipped with computers, printers, and photocopiers.[18] Facilities governed by PBNDS 2011 that utilize electronic law libraries are required to provide the materials listed in "Appendix 6.3.A: List of Legal Reference Materials for Detention Facilities."[19] ICE's detention standards require facilities to update, maintain, inspect, and replace the required legal materials on a routine basis.[20]

---

[15] *See supra* note 10.
[16] *See, e.g.* ICE, *PBNDS 2011*, *6.3 Law Libraries and Legal Material*, 422-23 (Revised Dec. 2016), https://www.ice.gov/doclib/detention-standards/2011/6-3.pdf ("facility shall provide a properly equipped law library" and "[r]egardless of whether paper versions are provided, facilities must make available in the law library any electronic media provided by ICE/ERO…may include CDROMs OR External Hard Drives.").
[17] ICE, *NDS 2000*, *supra* note 10, at 1,3 ("[t]he law library shall provide an adequate number of typewriters and/or computers" and detainees "shall be permitted to use the law library for a minimum of five (5) hours per week"); ICE, *PBNDS 2008*, *supra* note 10, at 3 ("[t]he law library shall provide an adequate number of computers with printers, access to one or more photocopiers" and detainees "shall be permitted to use the law library for a minimum of five hours per week"); ICE, *PBNDS 2011*, *supra* note 10, at 423 ("[t]he law library shall have an adequate number of computers and printers" and detainees "shall be permitted to use the law library for a minimum of five hours per week"); ICE, *NDS 2019*, *supra* note 10, at 185-86 (the law library must be equipped with an adequate number of computers, a printer, a copier, and other writing supplies and each detainee must have access to use the law library for a minimum of five hours per week); ICE, *FRS 2020*, *supra* note 10, at 3 (the law library "will have an adequate number of computers, printers" and "[e]ach resident will be permitted to use the law library for a minimum of 10 hours per week").
[18] *Id*.
[19] ICE, *PBNDS 2011*, *supra* note 10, at 423 ("[e]ach law library shall contain the materials listed in "Appendix 6.3.A.: List of Legal Reference Materials for Detention Facilities); ICE, *Legal Access in Detention At A Glance*, 2 (Aug. 2021), https://www.ice.gov/doclib/detention/LegalAccessAtAGlance.pdf (citing ICE, PBNDS 2011 Appendix 6.3.A. for list of legal materials available in law library).
[20] ICE, *NDS 2000*, *supra* note 10, at 3 (requires the facility to "designate an employee with responsibility for updating legal materials, inspecting them weekly, maintaining them in good 10

1   31.     Congress has expressed concern to DHS about detained people's access to counsel and legal resources.[21] In 2022, Congress authorized an appropriation of ten million dollars to the Department of Homeland Security to improve legal resources at ICE detention centers, including improved law libraries and legal materials.[22]

32.     Access to legal resources and protection of the constitutional rights of detained people continues to be an area of concern to the public.

33.     An October 29, 2021 letter to ICE from a coalition of 88 immigrants' rights advocates lists the multiple barriers faced by counsel to have effective communication with their clients which hinders the constitutional rights of detained people.[23] The legal access barriers listed in that letter persist, as demonstrated in a recent research report published by the ACLU.[24]

34.     Due to ongoing barriers to legal access and representation, the quality of legal materials provided to detained people in ICE custody, particularly those without legal representation, may often determine the outcome of a legal case. These materials represent possibly the only and last resort for a majority of detained people to exercise their legal rights.

35.     The public has significant interest in understanding what constitutes the available legal resources provided by Defendants ICE and DHS to detained people.

---

condition, and replacing them promptly as needed"); ICE, *PBNDS 2008*, *supra* note 10, at 3 (requires "a facility law library coordinator to be responsible for updating legal materials, inspecting them weekly, maintaining them in good condition and replacing them promptly as needed"); ICE, *PBNDS 2011*, *supra* note 10, at 424 ("a facility law library coordinator to be responsible for inspecting legal materials weekly, updating them, maintaining them in good condition and replacing them promptly as needed"); ICE, *NDS 2019*, *supra* note 10, at 186 ("ICE/ERO will provide updated electronic materials to facilities on a regular basis" and an employee is responsible for "updating legal materials, inspecting them weekly, maintaining them in good condition, and replacing them promptly as needed"); ICE, *FRS 2020*, *supra* note 10, at 4 (a "Center Law Library Coordinator" is "responsible for inspecting legal materials weekly, updating them, maintaining them in good condition, and replacing them promptly as needed").
[21] H.R. Rep. No. 116-458, at 9 (2021) and H.R. Rep. No. 11-9, at 480 (2019).
[22] 168 Cong. Rec. 198-11, S8562 (daily ed. Dec. 20, 2022) (explanatory statement by Mr. Leahy, Chair of the Sen. Comm. On Appropriations, regarding H.R. 2617, Consolidated Appropriations Act, 2023).
[23] *See* ACLU, *Coalition Letter to DHS and ICE on Access to Counsel in Immigration Detention* (Oct. 29, 2021), https://www.aclu.org/letter/coalition-letter-dhs-and-ice-access-counsel-immigration-detention.
[24] *See* Aditi Shah and Eunice Hyunhye Cho, ACLU Research Report, *No Fighting Chance: ICE's Denial of Access to Counsel in U.S. Immigration Detention Centers* (2022), https://www.aclu.org/report/no-fighting-chance-ices-denial-access-counsel-us-immigration-detention-centers.

## PLAINTIFFS' FOIA REQUEST

36. On March 30, 2023, the ACLU filed a FOIA Request (the "FOIA Request") of the legal library materials provided in electronic form at all ICE detention facilities. *See* Exhibit A.

37. The FOIA request was filed via email and mail, and was received by email on March 30, 2023, and confirmed for delivery on April 5, 2023. *See* Exhibit B.

38. The specific records the ACLU sought in its FOIA Request include the following:

(1) Electronic Law Library materials provided at any Immigration Detention Facility in their native file format, including CD-ROMs or External Hard Drives as described in, for example, FRS 202, PBNDS 2011 – Revisions 2016, and NDS 2019;

(2) All supporting materials related to Electronic Law Library Materials provided at or to any ICE detention facility;

(3) Any document related to software requirements for use of Electronic Law Library materials.

39. The FOIA Request sought all responsive records dated March 1, 2023, until the completion of the records request.

40. The FOIA Request additionally sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k) on the grounds that disclosure is in the public interest, is likely to contribute significantly to the public's understanding of the operations and activities of the government, and is not primarily in the commercial interests of the ACLU.

41. The FOIA Request also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) on the grounds that the ACLU meets the statutory and regulatory definitions of a "representative of the news media," as an organization that obtains, processes, and publishes information about government activity to the press and the public, and the records are not sought for a commercial purpose.

42. On April 28, 2023, the ACLU sent a follow-up email to Defendants DHS and ICE to request confirmation of receipt of FOIA request, the FOIA case tracking number, and the agency's response pursuant to 5 U.S.C. § 552(a)(6)(B)(i). *See* Exhibit B.

43. On May 8, 2023, the ACLU received an email from Defendant DHS acknowledging receipt of the ACLU's FOIA Request. *See* Exhibit C. The response also informed the ACLU that the FOIA request had been transferred to Defendant ICE.

44. On May 16, 2023, the ACLU received an email from Defendant ICE acknowledging receipt of the ACLU's FOIA Request via a referral from Defendant DHS on May 12, 2023. *See* Exhibit D.

45. On May 24, 2023, the ACLU received an email from Defendant ICE acknowledging the receipt of ACLU's FOIA request on dated May 8, 2023. *See* Exhibit E. The email also invoked a 10-day extension, as allowed by 5 U.S.C § 552(a)(6)(B). *Id*. The email did not note the ACLU's request for a fee waiver, nor did it state whether the fee waiver request had been reviewed, approved, or denied. *Id*.

46. On May 31, 2023, the ACLU sent an email to Defendant ICE requesting a review and determination of the ACLU's fee waiver request. *See* Exhibit F.

47. On June 5, 2023, the ACLU received an email from Defendant DHS confirming receipt of the ACLU's letter requesting a review of the fee waiver request, Exhibit D, and stating that the appeal would be handled on a "first-in, first out basis." *See* Exhibit G.

48. On June 28, 2023, Defendant ICE informed the ACLU that its request for a fee waiver had been granted. *See* Exhibit H.

49. To date, more than nine weeks after Defendants DHS and ICE acknowledged receipt of the ACLU's FOIA Request, Defendants DHS and ICE have not released any responsive records or explained why responsive records are being withheld.

## CLAIM I (AGAINST DEFENDANTS DHS AND ICE)
### 5 U.S.C. § 552(a)(6)(A)
### Failure to Timely Make a Determination as to Plaintiffs' FOIA Request

50. Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

51. Plaintiffs properly submitted the FOIA Request on March 30, 2023, requesting records within the possession, custody, and control of Defendants.

52. Defendants are obligated under 5 U.S.C. § 552(a)(3) to produce records responsive to Plaintiffs' FOIA Request.

53. Absent a request for an extension of time, Defendants had 20 working days after the receipt of the FOIA Request to make a determination and provide notice of such determination to Plaintiffs under 5 U.S.C. § 552(a)(6)(A)(i).

54. Defendant ICE requested an extension of time pursuant to 5 U.S.C. § 552(a)(6)(B). Defendant DHS and ICE failed to timely make a determination as to the ACLU's FOIA Request and notify the ACLU of that determination by Wednesday, June 21, 2023.

55. As of the filing of this Complaint, Defendants have not provided a determination on the FOIA Request for disclosure of the requested records to Plaintiffs.

56. No basis exists for Defendants' failure to respond to Plaintiffs' Request.

57. Defendants' failure to provide a determination within the statutory time period is a violation of 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(B) and the agencies' corresponding regulations. By failing to disclose and release the requested records, Defendants have violated Plaintiffs' rights to Defendants' records under 5 U.S.C. § 552.

### CLAIM II (AGAINST DEFENDANTS DHS AND ICE)
### 5 U.S.C. § 552(a)(3)(A)–(D)
### Failure to Make a Reasonable Effort to Search for and Promptly Release Records

58. Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

59. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

60. Under information and belief, Defendants have in their possession a number of responsive records, including those specifically identified in Plaintiffs' Request, that they have failed to produce.

61. Defendants are obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search and to produce records responsive to Plaintiffs' FOIA Request.

62. Defendants failed to satisfy Plaintiffs' requests for the search and release of records in the FOIA Request and failed to provide any justification for doing so.

63. As such, Defendants' failure to conduct an adequate search and promptly produce the materials requested by Plaintiffs violate 5 U.S.C. § 552(a)(3)(A)–(D) and its corresponding regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

(b) Declare that Defendants' failure to respond and produce the requested records is unlawful;

(c) Declare that Plaintiffs are entitled to disclosure of the requested records in their native format;

(d) Order Defendants to immediately process and disclose, in their entirety, unredacted versions of all records responsive to the FOIA Request that are not specifically exempt from disclosure under FOIA;

(e) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the FOIA Request;

(f) Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(g) Grant such other and further relief as this Court may deem just and proper.

COMPLAINT

Dated: July 11, 2023

By: */s/ Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Eunice Cho
echo@aclu.org
Kyle Virgien
kvirgien@aclu.org
Marisol Dominguez-Ruiz**
mdominguez-ruiz@aclu.org

*Attorneys for Plaintiff*

AMERICAN CIVIL LIBERTIES UNION

*application *pro hac vice* forthcoming
**application for admission to the District Court for the N.D. Cal. forthcoming

14

COMPLAINT