ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
DAVID M. DEVITO (CABN 243695)
Assistant United States Attorney
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7332
  Facsimile: (415) 436-6748
  david.devito@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Case No. 4:23-cv-03450-DMR <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

## **INTRODUCTION**[1]

Defendants United States Immigration and Customs Enforcement ("ICE") and the United States Department of Homeland Security ("DHS") (collectively, "Defendants") hereby respond to the Complaint filed by Plaintiff American Civil Liberties Union ("Plaintiff") on July 11, 2023 (ECF No. 1) as follows:

---

[1] Defendants have included the headings listed in the Complaint to assist in reading the pleadings and do not admit the accuracy of those headings.

DEFENDANTS' ANSWER
No. 4:23-cv-03450-DMR                1

1. Paragraph 1 consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. The allegations in Paragraph 2 are not material to the resolution of the claims at issue in this FOIA action and, as such, no response is required. To the extent a response is required, Defendants admit that ICE detains detainees at numerous detention facilities located throughout the United States. Defendants deny any remaining allegations in this paragraph.

3. Paragraph 3 consists of Plaintiff's characterization of certain statutes and a judicial decision, which are not material to the resolution of the claims at issue in this FOIA action and, as such, no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

4. The allegations in Paragraph 4 are not material to the resolution of the claims at issue in this FOIA action and, as such, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations.

5. The allegations in Paragraph 5 are not material to the resolution of the claims at issue in this FOIA action and, as such, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations.

6. Paragraph 6 consists of Plaintiff's legal conclusions and characterization of certain agency publications, to which no response is required. To the extent a response is required, Defendants admit that ICE detention facilities provide properly equipped law libraries that make law library materials available to detainees in electronic form on computers. Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

7. Paragraph 7 consists of Plaintiff's characterization of the public's alleged interest in the requested records, which is not material to the resolution of the claims at issue in this FOIA action and, as such, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations.

8. Defendants admit that Plaintiff submitted a FOIA request to Defendants on March 30, 2023 and that Exhibit A is a copy of Plaintiff's March 30, 2023 FOIA request to Defendants. Defendants respectfully refer the Court to Plaintiff's March 30, 2023 FOIA request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

9. Defendants admit that DHS acknowledged receipt of Plaintiff's FOIA request and, on May 8, 2023, transferred the request to ICE for processing and direct response to Plaintiff. ICE subsequently sent Plaintiff an email acknowledging receipt of the FOIA request after it was referred to ICE by DHS. Defendants admit that as of the date of filing of the Complaint, ICE had not issued a final response to Plaintiff's request. Defendants deny any remaining allegations in this paragraph.

10. Defendants admit that as of the date of filing of the Complaint, ICE had not issued a final response to Plaintiff's request.

## JURISDICTION

11. Paragraph 11 consists of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit only that this Court has jurisdiction subject to the limitations of the Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA") and deny the remaining allegations.

## VENUE

12. Paragraph 12 consists of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district.

## PARTIES

13. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 13.

14. Defendants admit that DHS is a federal agency for purposes of the FOIA, that ICE is a component of DHS, and that ICE may have possession of records responsive to Plaintiff's March 30, 2023 FOIA request. Defendants deny any remaining allegations in Paragraph 14.

15. Defendants admit that ICE is a federal agency for purposes of the FOIA and is a component of DHS. Defendants admit that ICE may have possession of records responsive to Plaintiff's March 30, 2023 FOIA request, and that ICE has a field office in San Francisco. Defendants deny any remaining allegations in Paragraph 15.

## STATUTORY AND LEGAL FRAMEWORK

16. Paragraph 16 consists of Plaintiff's legal conclusions and characterizations of certain judicial decisions, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

17. Paragraph 17 consists of Plaintiff's legal conclusions and characterization of certain judicial decisions, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

18. Paragraph 18 consists of Plaintiff's legal conclusions and characterization of a statute, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

19. Paragraph 19 consists of Plaintiff's legal conclusions and characterization of a statute, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

20. Paragraph 20 consists of Plaintiff's legal conclusions and characterization of a statute, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

21. Paragraph 21 consists of Plaintiff's legal conclusions and characterization of a statute, to which no response is required. To the extent a response is required, Defendants respectfully refer the

Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

22. Paragraph 22 consists of Plaintiff's legal conclusions and characterization of a statute and certain legislative history, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

23. Defendants admit that ICE may have possession of records responsive to Plaintiff's March 30, 2023 FOIA request and that such records may include materials in electronic format. The remaining allegations in Paragraph 23 consist of Plaintiff's legal conclusions and characterization of certain judicial decisions, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

24. Paragraph 24 consists of Plaintiff's legal conclusions and characterization of a statute, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

25. Paragraph 25 consists of Plaintiff's legal conclusions and characterization of a statute and a certain judicial decision, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

26. Paragraph 26 consists of Plaintiff's legal conclusions and characterization of a statute, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

**FACTUAL BACKGROUND**

27. The allegations in Paragraph 27 are not material to the resolution of the claims at issue in this FOIA action and, as such, no response is required. To the extent a response is required, Defendants

1  respectfully refer the Court to the cited sources for a true and accurate statement of their content and
2  deny any allegations inconsistent therewith.

3       28.     The allegations in Paragraph 28 are not material to the resolution of the claims at issue in
4  this FOIA action and, as such no response is required. To the extent a response is required, Defendants
5  admit that ICE detention facilities provide properly equipped law libraries that make law library
6  materials available to detainees in electronic form on computers.

7       29.     Paragraph 29 consists of Plaintiff's legal conclusions and characterization of certain
8  agency publications, to which no response is required. To the extent a response is required, Defendants
9  admit that ICE detention facilities provide properly equipped law libraries that make law library
10 materials available to detainees in electronic form on computers. Defendants respectfully refer the Court
11 to the cited sources for a full and accurate statement of their contents and deny any allegations
12 inconsistent therewith.

13      30.    Paragraph 30 consists of Plaintiff's legal conclusions and characterization of certain
14 agency publications, to which no response is required. To the extent a response is required, Defendants
15 admit that ICE detention facilities provide properly equipped law libraries that make law library
16 materials available to detainees in electronic form on computers. Defendants respectfully refer the Court
17 to the cited sources for a full and accurate statement of their contents and deny any allegations
18 inconsistent therewith.

19      31.    Paragraph 31 consists of Plaintiff's characterization of certain legislative history, which is
20 not material to the resolution of the claims at issue in this FOIA action, to which no response is required.
21 To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a
22 full and accurate statement of their contents and deny any allegations inconsistent therewith.

23      32.    Paragraph 32 consists of Plaintiff's characterization of the public's alleged interest in the
24 requested records, which is not material to the resolution of the claims at issue in this FOIA action, to
25 which no response is required. To the extent a response is required, Defendants lack knowledge or
26 information sufficient to form a belief about the allegations.

33. Paragraph 33 consists of Plaintiff's characterizations of certain correspondence and a publication, which are not material to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the cited sources for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

34. The allegations in Paragraph 34 are not material to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations.

35. Paragraph 35 consists of Plaintiff's characterization of the public's alleged interest in the requested records, which is not material to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the allegations.

## **PLAINTIFFS' FOIA REQUEST**

36. Defendants admit that Plaintiff submitted a FOIA request to DHS on March 30, 2023, and that Exhibit A is a copy of Plaintiff's March 30, 2023 FOIA request. Defendants respectfully refer the Court to Plaintiff's March 30, 2023 FOIA request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

37. Defendants admit receiving Plaintiff's March 30, 2023 FOIA request via email on March 30, 2023. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.

38. Defendants admit that Plaintiffs submitted a FOIA request on March 30, 2023 and respectfully refer the Court to Plaintiff's March 30, 2023 FOIA request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

39. Defendants deny the allegations in Paragraph 39. Defendants respectfully refer the Court to Plaintiff's March 30, 2023 FOIA request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

40. Defendants admit the allegations in Paragraph 40. Defendants respectfully refer the Court to Plaintiff's March 30, 2023 FOIA request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

41. Defendants admit the allegations in Paragraph 41. Defendants respectfully refer the Court to Plaintiff's March 30, 2023 FOIA request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

42. Defendants admit that on April 28, 2023, Plaintiff sent an email to Defendants and that Exhibit B includes a copy of that email. Defendants respectfully refer the Court to Plaintiff's April 28, 2023 email for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

43. Defendants admit that on May 8, 2023, DHS sent a final response to Plaintiff via email, and that Exhibit C is a copy of that email including its attachment. Defendants respectfully refer the Court to DHS's May 8, 2023 correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

44. Defendants admit that on May 16, 2023, ICE sent an email to Plaintiff acknowledging receipt of Plaintiff's March 30, 2023 FOIA request and that Exhibit D is a copy of that email. Defendants respectfully refer the Court to ICE's May 16, 2023 email for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

45. Defendants admit that on May 24, 2023, ICE sent an email to Plaintiff acknowledging receipt of Plaintiff's March 30, 2023 FOIA request and that Exhibit E is a copy of that email. Defendants respectfully refer the Court to ICE's May 24, 2023 email for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

46. Defendants admit that on May 31, 2023, Plaintiff sent an email to ICE requesting a review and determination of Plaintiff's fee waiver request and that Exhibit F is a copy of that email. Defendants respectfully refer the Court to Plaintiff's May 31, 2023 email for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

1  47. Defendants admit that on June 5, 2023, ICE sent an email to Plaintiff and that Exhibit G is a copy of that email. Defendants respectfully refer the Court to ICE's June 5, 2023 email for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

48. Defendants admit that on June 28, 2023, ICE sent a final response to Plaintiff regarding its request for a fee waiver via email and that Exhibit H is a copy of that email including its attachment. Defendants respectfully refer the Court to ICE's June 28, 2023 correspondence for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

49. Defendants admit only that as of the filing of the Complaint ICE had not issued a final response to Plaintiff's March 30, 2023 FOIA request.

**CLAIM I (AGAINTS DEFENDANTS DHS AND ICE)**
**5 U.S.C. § 552(a)(6)(A)**
**Failure to Timely Make a Determination as to Plaintiffs' FOIA Request**

50. Defendants incorporate by reference the above paragraphs as if fully set forth herein.

51. Paragraph 51 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

52. Paragraph 52 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

53. Paragraph 53 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

54. Defendants admit that ICE requested an extension of time and that, as of the filing of the Complaint, ICE had not issued a final response to Plaintiff's March 30, 2023 FOIA request. Defendants deny the remaining allegations in this paragraph.

55. Defendants admit only that as of the filing of the Complaint, ICE had not issued a final response to Plaintiff's March 30, 2023 FOIA request. Defendants deny any remaining allegations in this paragraph.

56. Defendants deny the allegations in Paragraph 56.

57. Paragraph 57 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**CLAIM II (AGAINTS DEFENDANTS DHS AND ICE)**
**5 U.S.C. § 552(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Promptly Release Records**

58. Defendants incorporate by reference the above paragraphs as if fully set forth herein.

59. Defendants admit that they are federal agencies for purposes of the FOIA. The remaining allegations in Paragraph 59 consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

60. Defendants admit that ICE may have possession of records responsive to Plaintiff's FOIA request. Defendants deny any remaining allegations in this paragraph.

61. Paragraph 61 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Defendants deny the allegations in Paragraph 62.

63. Paragraph 63 consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**PRAYER FOR RELIEF**

The remainder of the Complaint sets forth Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any other relief in this action.

Defendants hereby deny any allegations not otherwise specifically admitted or denied.

**DEFENSES**

In further answer to Plaintiff's Complaint and as separate defenses, Defendants state as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The FOIA request that is the subject of this lawsuit implicates information protected from disclosure by one or more statutory exemptions or exclusions under FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceeds the relief authorized under the FOIA.

### FOURTH DEFENSE

Defendants have conducted and are conducting adequate searches in response to the underlying request under the FOIA, and have not improperly withheld any records under the FOIA.

Defendants have insufficient knowledge or information at this time upon which to form a belief as to whether they have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event developments indicate it would be appropriate to do so.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission as to the substance of the cited materials. Additionally, Defendants' references are not intended to be, and should not be construed to be, an admission that the materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; (c) contain accurate information or (d) are admissible in this, or any other, action.

WHEREFORE, having fully answered, Defendants respectfully pray that: (1) Plaintiff take nothing by its Complaint; (2) the Complaint be dismissed with prejudice and judgment entered in favor of Defendants; (3) Defendants be awarded their costs and disbursements incurred in defending this matter; and (4) the Court award such other and further relief as it deems just and proper.

DATED: September 13, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*s/ David M. DeVito*
DAVID M. DEVITO
Assistant United States Attorney

*Attorneys for Defendants*