MARISOL DOMINGUEZ-RUIZ (SBN 345416)
KYLE VIRGIEN (SBN 278747)
mdominguez-ruiz@aclu.org
kvirgien@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Tel.: (202) 393-4930

EUNICE CHO (Pro Hac Vice)
echo@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 4:23-cv-3450<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Freedom of Information Act, 5 U.S.C. § 552<br><br>Magistrate Judge Donna M. Ryu |

Pursuant to Civil L.R. 16-9, Plaintiff American Civil Liberties Union ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and Department of Homeland Security ("DHS") hereby submit the following joint initial Case Management Statement.

**1. Jurisdiction and Service**: This action arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Court has subject matter jurisdiction over this FOIA action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§1331 and 1346. The parties do not contest personal jurisdiction or venue in this case. No parties remain to be served.

**2. Facts**:

**Plaintiff's Contentions**: Plaintiff brings this action seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA to immediately release improperly withheld agency records related to electronic legal research media provided to people held in ICE detention.

On March 30, 2023, Plaintiff filed a FOIA Request (the "FOIA Request") requesting the following documents:

- (1) Electronic Law Library Materials provided at or to any ICE detention facility;
- (2) All supporting materials related to Electronic Law Library materials provided at or to any ICE detention facility;
- (3) Any document related to software requirements for use of Electronic Law Library materials.

With respect to the form of production, the ACLU requested that responsive records be provided in their native file format, including CD-ROMs or External Hard Drives.

On May 8, 2023, Defendant DHS acknowledged receipt of the FOIA request. The response also informed the ACLU that the FOIA request had been transferred to ICE.

On May 16, 2023, Defendant ICE acknowledged receipt of the FOIA request via referral from DHS on May 12, 2023. On May 24, 2023, Defendant ICE acknowledged receipt of the

ACLU's FOIA request dated May 8, 2023. Defendant ICE also requested a 10-day extension under 5 U.S.C. § 552(a)(6)(B).

More than nine weeks after the FOIA Request was filed, neither Defendant provided a substantive response to the request. Given the lack of a substantive response to Plaintiff's FOIA request, on July 11, 2023, Plaintiff brought this action to compel disclosure of information to which the public is entitled.

**Defendants' Contentions**: Plaintiff's FOIA Request seeks three categories of information: (1) the actual detention center electronic law library materials in native format; (2) "Supporting Materials" as defined in the FOIA Request, which include usage guides and training materials relating to the law libraries; and (3) documents related to software requirements for use of the law library materials. Defendants have collected the documents responsive to category (2) and advised Plaintiff that they will be produced on or before October 13, 2023. Defendants have also completed a reasonable search for documents in category (3) and advised Plaintiff that no such documents exist. Finally, with respect to category (1), which Defendants understand to be the primary focus of the FOIA Request, Defendants have explained to Plaintiffs that ICE contracts with a third party to provide the electronic law library materials that are made available at detention centers. The third-party contractor provides the materials on an external hard drive, which is owned by the contractor. The contractor installs on the hard drive a series of databases (some or all of which are subject to intellectual property protections) and its proprietary software necessary to utilize those databases, which are provided to ICE under a limited license. The contractor updates the external hard drive quarterly, and ICE is required to return it at the conclusion of the contract. The information provided on the external hard drive is provided by ICE in law libraries for the use of detainees; it is not utilized by agency personnel.

This native version of the information on the external hard drive is subject to numerous defenses. The native materials provided by the contractor are not controlled by or subject to the free disposition of ICE, and thus are not agency records. Nor are they utilized by agency personnel, and thus would not be agency records even if controlled by ICE because they provide

no information about the government's operation, structure, or decision-making processes. And even if the information qualified as an agency record, the contractor's proprietary information, including its software, as well as any other intellectual property, is exempt from disclosure pursuant to FOIA pursuant to Exemption (4). *See* 5 U.S.C. § 552(b)(4).

Given the nature of the FOIA Request, which Defendants interpreted to be seeking to allow Plaintiff to understand exactly what materials are made available by ICE in the detention center law libraries—rather than for the purpose of obtaining for free a complete reproduction of an entire law library—Defendants proposed to resolve the request by providing Plaintiff with a complete list of all the databases and resources that are installed on the external hard drives provided by the contractor, and offered to provide additional information as needed to ensure Plaintiff understood what was contained in each of the databases, to the extent the content was not fully apparent from the database descriptions themselves. Plaintiff rejected this offer and has instead insisted on production of the materials in native format. Defendants' position is that such production is inappropriate and not legally required.

**3. <u>Legal Issues</u>**:

**Search for and Production of Records**

**Plaintiff's Position**: The FOIA requires that each agency "shall make [disclosable] records promptly available" upon request. *See* 5 U.S.C. § 552(a)(3)(A). Upon receipt of a request that will take longer than ten days to process, the FOIA requires agencies to provide requesters with individualized tracking numbers and to maintain a telephone line or Internet service to provide information about the status of a request, including the estimated date of its completion. *See* 5 U.S.C. § 552(a)(7).

Defendants' twenty business days to make a determination on Plaintiff's Request elapsed on June 6, 2023. See 5 U.S.C. §552(a)(6)(A)(i); 5 U.S.C. §552(a)(6)(C)(i); *see Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1093, 1095 (9th Cir. 2016). Defendants did not respond to Plaintiff's request prior to the filing of this lawsuit.

Defendants have failed to conduct an adequate search, has wrongfully withheld agency records requested by Plaintiff under the FOIA, and have failed to comply with the statutory time for the processing of FOIA requests. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents because Defendants continue to improperly withhold agency records in violation of the FOIA. Plaintiff will suffer irreparable injury from, and have no adequate legal remedy for, Defendants' illegal withholding of government documents pertaining to the subject of Plaintiff's FOIA request.

**Defendants' Position**: Defendants deny that they "failed to conduct an adequate search, ha[ve] wrongfully withheld agency records requested by Plaintiff under the FOIA, and have failed to comply with the statutory timeline for the processing of FOIA requests." While Defendants concede that they did not produce records to Plaintiff before this action was filed, Defendants have been working to respond to the request since before the litigation was commenced, including by collecting and/or processing potentially responsive records, which efforts remain ongoing. Although Defendants' response to the FOIA request remains in process, as explained above in Section 2, Defendants' position is that production of certain requested information is inappropriate and not legally required.

**4. Motions**:

There are no prior or pending motions in this case. The parties anticipate that any issues that cannot be resolved between the parties will be submitted to the Court via cross-motions for summary judgment.

**5. Amendment of Pleadings**:

At this time, the parties do not anticipate amending their pleadings.

**6. Evidence Preservation**:

The parties do not presently anticipate any disputes regarding evidence preservation efforts. The parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information and acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosure:**

At this time, the parties do not anticipate the need for discovery in this FOIA action and respectfully request that the Court excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. Plaintiff does not anticipate the need for initial disclosures, but reserves the right to request them if unanticipated issues and disputes arise.

**8. Discovery:**

No discovery has been taken to date. The parties agree that with limited exceptions, discovery is normally not necessary in FOIA cases such as this. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting availability of limited discovery in FOIA cases). Plaintiff anticipates resolving the document production issues presented in this FOIA case informally, or via cross-motions for summary judgment, without the need for formal discovery, but reserves the right to conduct such discovery if it becomes necessary.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

**Plaintiff's Position**: Plaintiff seeks declaratory relief declaring that ICE's failure to disclose the records requested by Plaintiff violates FOIA. Plaintiff further seeks injunctive relief ordering ICE to expeditiously conduct an adequate search for all outstanding records responsive to Plaintiff's FOIA request, and to expeditiously and appropriately disclose, as soon as practicable, all responsive, non-exempt records. Furthermore, Plaintiff seeks reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and any other relief as the Court may deem just and proper.

**Defendants' Position**: Defendants deny that Plaintiff is entitled to any relief.

**12. Settlement and ADR**:

**Plaintiff's Position**: Plaintiff is willing to consider ADR options. However, given the fact that Defendants have asserted defenses predicated on a contract that they have not yet produced, it is not clear whether ADR will benefit the parties at this stage. Rather, if ICE does not provide a satisfactory response to Plaintiff's FOIA request, the Court should set a briefing schedule for summary judgment motions, and the parties can revisit the issue of ADR after the Court rules on these motions.

**Defendants' Position**: Defendants are currently working to resolve Plaintiff's request and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve the record production issues raised by Plaintiff's complaint after a 60-day meet and confer period, referral to a United States Magistrate Judge for a settlement conference may be appropriate at that time.

**13. Consent to Magistrate Judge for All Purposes**:

The parties have consented to the Honorable Magistrate Donna M. Ryu conducting all further proceedings including trial and entry of judgment.

**14. Other References**:

The parties agree that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**:

**Plaintiff's Position**: Defendants have asserted defenses predicated on a contract that has yet to be produced. Plaintiff is amenable to meet and confer to narrow the issues prior to the filing of cross-motions for summary judgment.

**Defendants' Position**: Defendants intend to continue conferring with Plaintiff in an effort to reach agreement regarding the request and Defendants' processing and production of responsive, non-privileged records. Defendants note that Plaintiff's FOIA request does not seek the government's contracts with any third party. Plaintiff first requested a copy of the contract from Defendants less than a week before this Joint Case Management Statement was due. Accordingly, Defendants have not had adequate time to consider Plaintiff's request. Nonetheless, the Defendants are willing to meet and confer with Plaintiff and produce information sufficient to establish that the records at issue are licensed from a non-governmental entity.

**16. Expedited Trial Procedure/Expedited Schedule**:

**Plaintiff's Position**: Plaintiff does not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. Plaintiff proposes the briefing schedule regarding document production and cross-motions for summary judgment set forth in Section 17, below.

**Defendants' Position**: Defendants anticipate that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17. Scheduling**:

**Plaintiff's Position**: In Plaintiffs' view, the most expeditious way to resolve this case is for Defendants to produce all records that they contend are responsive to the FOIA request and

not subject to withholding, along with indices of documents withheld in whole or part based on purported exemptions. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (requiring the Government to provide indexes sufficient to permit a determination whether it had properly withheld documents), *cert. denied*, 415 U.S. 977 (1974). This production will make clear what concrete disputes exist between the parties regarding the scope of Defendants' search and the exemptions Defendants contend apply. If the parties are unable to resolve these disputes informally, they will likely be resolved on cross-motions for summary judgment.

At this stage of the litigation, it appears that the parties' primary dispute will be whether Defendants must produce their electronic law library software in the same, native format in which they provide it to detained immigrants. In this Case Management Statement, Defendants set out their three contentions why they need not produce these native versions: (1) they "are not controlled by or subject to the free disposition of ICE, and thus are not agency records"; (2) they are not agency records because they "provide no information about the government's operation, structure, or decision-making processes"; and (3) "the contractor's proprietary information, including its software, as well as any other intellectual property, is exempt from disclosure pursuant to FOIA pursuant to Exemption (4)." The first dispute, and to a lesser extent the third dispute, are likely to involve an analysis of the language of the contract between Defendants and their vendor, Relx, Inc. *Gilmore v. U.S. Dep't of Energy*, 4 F.Supp.2d 912, 917 (N.D. Cal. 1998) (providing that nonagency records can become agency records by contract and the burden is on the agency to prove that the requested materials "are not agency records or have not been improperly withheld.").

The most efficient way for this litigation to move forward is for Defendants to provide Plaintiff with a copy of this contract, which will allow the parties to concretely discuss the validity of the Defendants' objections to producing the USB drives containing their electronic law library software. Plaintiff has requested informally that the Defendants produce this contract, but Defendants have not yet been able to indicate whether they will agree to produce it. Plaintiff therefore requests that the Court order the Defendants, within 14 days of this Case Management

Conference, to produce all contracts that the government has signed with vendors for purposes of obtaining and providing electronic law library materials to detained immigrants in ICE detention facilities.

After the Defendants produce this contract, the parties can continue to meet and confer to attempt to streamline the issues in this case and agree to a case schedule. Plaintiff also proposes that the Court set another Case Management Conference for December 18, 2023 (61 days from the date of this Case Management Conference), or as soon thereafter as is convenient for the Court.

**Defendants' Position**: As explained above in Section 2, Plaintiff's insistence on production of the electronic law library materials in native format raises, among other issues, whether the external hard drives owned and maintained by the contractor are agency records, and whether the confidential and proprietary commercial and trade secret information of one or more third-parties is properly withheld under Exemption (4). Putting aside the potential legal issues, Plaintiff's framing of the scheduling question in terms of a number of pages that need to be reviewed to complete Defendants' production misapprehends the issues in the case. The parties have had no discussion of proposed searches to date. Although Defendants do not have a page count at this time, the number of pages present in the law libraries is almost certainly in the millions. Moreover, as in virtually any law library, at least some of those materials are copyrighted and must be purchased or licensed, which ICE has done by contracting with a third party. Such materials cannot simply be made available for free to the public pursuant to a FOIA request merely by virtue of having been licensed to a governmental entity subject to the FOIA.

At this early stage of the litigation, Defendants have up to this point devoted their limited resources to collecting and preparing to produce responsive information not subject to dispute, and developing what Defendants believed was a reasonable proposal for providing Plaintiff with the information sought without having to seek determinations on the legal issues identified above or endangering the rights of third parties. Plaintiff rejected that proposal and offered no counterproposal.

Defendants remain of the belief that the production issues in this case can and should be resolved by agreement, and accordingly propose that the case management conference be continued by approximately 60 days, to December 20, 2023, so that the parties can continue to meet and confer in an effort to resolve the issues. In light of Plaintiff's stated insistence on production of the electronic law library materials in native format, to the extent that meet-and-confer period needs to involve further exchange of the parties' respective legal positions regarding the native production of those materials (as opposed to or alongside efforts to compromise), Defendants believe that such an exchange would be beneficial in the event the matter ultimately needs to be litigated. Defendants propose that the parties submit a joint case management statement one week in advance of the continued CMC, which, depending on the outcome of the meet and confer process, would include (a) a joint proposed briefing schedule, or competing proposals; and/or (b) a request for referral to a United States Magistrate Judge for a settlement conference.

Finally, to the extent Plaintiff asks the Court to order production of ICE's vendor contract in connection with this case management conference, Defendants note that Plaintiff's FOIA request does not seek the government's contracts with any third party. Plaintiff first requested a copy of the contract from Defendants less than a week before this Joint Case Management Statement was due. Accordingly, Defendants have not had adequate time to consider Plaintiff's request. Nonetheless, the Defendants are willing to meet and confer with Plaintiff and produce information sufficient to establish that the records at issue are licensed from a non-governmental entity.

**18. Trial**:

The parties anticipate resolving the document production issues presented in this case before trial, informally or via cross-motions for summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**:

**Plaintiff's Position**:

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that other than the named parties, there is no such interest to report.

**Defendants' Position**: Defendants are government entities that are exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**20. Professional Conduct**:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**:

None at this time.

Dated: October 11, 2023

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

*s/Marisol Dominguez-Ruiz*

Marisol Dominguez-Ruiz
*mdominguez-ruiz@aclu.org*
Kyle Virgien
*kvirgien@aclu.org*
Eunice Cho
*echo@aclu.org*

*Attorneys for Plaintiff*

ISMAIL J. RAMSEY
United States Attorney

Dated: October 11, 2023

By: *s/David M. DeVito*
DAVID M. DEVITO
Assistant United States Attorney

Attorney for Defendants

**ATTESTATION OF SIGNATURES**

I, Marisol Dominguez-Ruiz, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California, that I have obtained the concurrence of each signatory hereto in the filing of this document.

Dated: October 11, 2023

*s/Marisol Dominguez-Ruiz*
Marisol Dominguez-Ruiz
*mdominguez-ruiz@aclu.org*

*Attorney for Plaintiff*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION