MARISOL DOMINGUEZ-RUIZ (SBN 345416)
KYLE VIRGIEN (SBN 278747)
mdominguez-ruiz@aclu.org
kvirgien@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
Tel.: (202) 393-4930

EUNICE CHO (Pro Hac Vice)
echo@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 4:23-cv-3450<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Freedom of Information Act, 5 U.S.C. § 552<br><br>Magistrate Judge Donna M. Ryu |

1

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:23-cv-3450-DMR

Pursuant to Civil L.R. 16-9, Plaintiff American Civil Liberties Union ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and Department of Homeland Security ("DHS") hereby submit the following joint Case Management Statement.

**1.      Jurisdiction and Service**: This action arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Court has subject matter jurisdiction over this FOIA action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§1331 and 1346. The parties do not contest personal jurisdiction or venue in this case. No parties remain to be served.

**2.      Facts**:

**Plaintiff's Contentions**: Plaintiff brings this action seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA to immediately release improperly withheld agency records related to electronic legal research media provided to people held in ICE detention.

On March 30, 2023, Plaintiff filed a FOIA Request (the "FOIA Request") requesting the following documents:

- (1) Electronic Law Library Materials provided at or to any ICE detention facility;
- (2) All supporting materials related to Electronic Law Library materials provided at or to any ICE detention facility;
- (3) Any document related to software requirements for use of Electronic Law Library materials.

With respect to the form of production, the ACLU requested that responsive records be provided in their native file format, including CD-ROMs or External Hard Drives.

On May 8, 2023, Defendant DHS acknowledged receipt of the FOIA request. The response also informed the ACLU that the FOIA request had been transferred to ICE.

On May 16, 2023, Defendant ICE acknowledged receipt of the FOIA request via referral from DHS on May 12, 2023. On May 24, 2023, Defendant ICE acknowledged receipt of the ACLU's FOIA request dated May 8, 2023. Defendant ICE also requested a 10-day extension under 5 U.S.C. § 552(a)(6)(B).

More than nine weeks after the FOIA Request was filed, neither Defendant provided a substantive response to the request. Given the lack of a substantive response to Plaintiff's FOIA request, on July 11, 2023, Plaintiff brought this action to compel disclosure of information to which the public is entitled.

On November 2, 2023, Plaintiff filed a request for production of documents related to the contract between ICE and third-party vendor for the ICE Detention Electronic Law Library. Plaintiff also filed a FOIA request for the contract. On November 8, 2023, the parties met informally and Plaintiff withdrew its request for production and FOIA request after Defendants produced the contract on November 9, 2023. Upon review of the contract, Plaintiff believes that Defendants continue to improperly withhold agency records in violation of the FOIA.

**Defendants' Contentions**: Plaintiff's FOIA Request seeks three categories of information: (1) the actual detention center electronic law library materials in native format; (2) "Supporting Materials" as defined in the FOIA Request, which include usage guides and training materials relating to the law libraries; and (3) documents related to software requirements for use of the law library materials. Defendants produced the documents responsive to category (2), and completed a reasonable search for documents in category (3) and advised Plaintiff that no such documents exist. With respect to category (1), Defendants have explained to Plaintiff that ICE contracts with a third party to provide the electronic law library materials that are made available at detention centers. The third-party contractor provides the materials on an external hard drive, which is owned by the contractor. The contractor installs on the hard drive a series of databases (some or all of which are subject to intellectual property protections) and its proprietary software necessary to utilize those databases, which are provided to ICE under a limited license. The contractor updates the external hard drive quarterly, and ICE is required to return it at the conclusion of the contract. The information provided on the external hard drive is provided by ICE in law libraries for the use of detainees; it is not utilized by agency personnel. Defendants have produced a copy of the agency's contract with the third-party vendor to Plaintiff.

3

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:23-cv-3450-DMR

1     This native version of the information on the external hard drive is subject to numerous defenses. The native materials provided by the contractor are not controlled by or subject to the free disposition of ICE, and thus are not agency records.  Nor are they utilized by agency personnel, and thus would not be agency records even if controlled by ICE because they provide no information about the government's operation, structure, or decision-making processes. And even if the information qualified as an agency record, the contractor's proprietary information, including its software, as well as any other intellectual property, is exempt from disclosure pursuant to FOIA pursuant to Exemption (4).  *See* 5 U.S.C. § 552(b)(4).  Contrary to Plaintiff's assertions, the agency's contract confirms the validity of these defenses.

3.     **Legal Issues**:

**Search for and Production of Records**

**Plaintiff's Position**: Plaintiff's position has not changed since its last case management statement. The FOIA requires that each agency "shall make [disclosable] records promptly available" upon request. *See* 5 U.S.C. § 552(a)(3)(A). Upon receipt of a request that will take longer than ten days to process, the FOIA requires agencies to provide requesters with individualized tracking numbers and to maintain a telephone line or Internet service to provide information about the status of a request, including the estimated date of its completion. *See* 5 U.S.C. § 552(a)(7).

Defendants' twenty business days to make a determination on Plaintiff's Request elapsed on June 6, 2023. See 5 U.S.C. §552(a)(6)(A)(i); 5 U.S.C. §552(a)(6)(C)(i); *see Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1093, 1095 (9th Cir. 2016). Defendants did not respond to Plaintiff's request prior to the filing of this lawsuit.

Defendants have failed to conduct an adequate search, has wrongfully withheld agency records requested by Plaintiff under the FOIA, and have failed to comply with the statutory time for the processing of FOIA requests. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents because Defendants continue to improperly withhold agency records in violation of the FOIA. Plaintiff will suffer irreparable injury from,

4

and have no adequate legal remedy for, Defendants' illegal withholding of government documents pertaining to the subject of Plaintiff's FOIA request.

**Defendants' Position**: Defendants deny that they "failed to conduct an adequate search, ha[ve] wrongfully withheld agency records requested by Plaintiff under the FOIA, and have failed to comply with the statutory timeline for the processing of FOIA requests." While Defendants concede that they did not produce records to Plaintiff before this action was filed, Defendants began working to respond to the request before the litigation was commenced, and have collected, processed, and produced responsive records. As to what appears to be the only remaining area of dispute—Plaintiff's insistence on production of the electronic library materials in native format—Defendants' position is that production is inappropriate and not legally required.

**4.    Motions**:

The parties anticipate filing cross-motions for summary judgment. The parties have conferred about scheduling and ask that the Court enter the briefing schedule set forth below. There are no prior or pending motions in this case.

**5.    Amendment of Pleadings**:

At this time, the parties do not anticipate amending their pleadings.

**6.    Evidence Preservation**:

The parties do not presently anticipate any disputes regarding evidence preservation efforts. The parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information and acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7.    Disclosure**:

Plaintiff does not anticipate the need for initial disclosures, but reserves the right to request them if unanticipated issues and disputes arise.

**8.    Discovery**:

Plaintiff submitted a first request for production of documents related to the contract between ICE and third-party vendor for the ICE Detention Electronic Law Library on November 2, 2023. Plaintiff also filed a FOIA request for the contract. On November 8, 2023, the parties met informally and Plaintiff withdrew its request for production and FOIA request in return for Defendants' agreement to produce the contract on November 9, 2023, which Defendants' did. Plaintiff anticipates resolving the document production issues presented in this FOIA case informally, or via cross-motions for summary judgment, without the need for formal discovery, although Plaintiff reserves the right to conduct further discovery if unanticipated issues and disputes arise.

9. **Class Actions**:

Not applicable.

10. **Related Cases**:

Not applicable.

11. **Relief**:

**Plaintiff's Position**: Plaintiff seeks declaratory relief declaring that ICE's failure to disclose the records requested by Plaintiff violates FOIA. Plaintiff further seeks injunctive relief ordering ICE to expeditiously conduct an adequate search for all outstanding records responsive to Plaintiff's FOIA request, and to expeditiously and appropriately disclose, as soon as practicable, all responsive, non-exempt records. Furthermore, Plaintiff seeks reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and any other relief as the Court may deem just and proper.

**Defendants' Position**: Defendants deny that Plaintiff is entitled to any relief.

12. **Settlement and ADR**:

The parties attended a settlement scheduling conference call on November 9, 2023 with Magistrate Judge Laurel Beeler. A settlement conference is scheduled for March 27, 2024.

**13.    Consent to Magistrate Judge for All Purposes**:

The parties have consented to the Honorable Magistrate Donna M. Ryu conducting all further proceedings including trial and entry of judgment.

**14.    Other References**:

The parties agree that this action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**:

**Plaintiff's Position**: Defendants produced the contract between ICE and third-party vendor, Relx, Inc., d/b/a LexisNexis, which confirms that the electronic law library is an agency record under FOIA and Exemption (4) is inapplicable. Plaintiff is amenable to meet and confer to narrow the issues prior to the filing of cross-motions for summary judgment.

**Defendants' Position**: For the reasons explained above, Defendants disagree with Plaintiff's legal position generally and their position with respect to the contract specifically. Regardless, those positions do not represent any effort on Plaintiff's part to narrow the issues. Given the nature of the FOIA Request, which Defendants interpreted to be seeking to allow Plaintiff to understand exactly what materials are made available by ICE in the detention center law libraries—rather than for the purpose of obtaining for free a complete reproduction of an entire law library—Defendants have proposed and remain amenable to resolving the request by providing Plaintiff with a complete list of all the databases and resources that are installed on the external hard drives provided by the contractor, and providing additional information as needed to ensure Plaintiff understands the contents of each of the databases, to the extent that is not fully apparent from the database descriptions themselves.  Plaintiff rejected this offer and has instead insisted on production of the materials in native format as sought in the original FOIA Request. Defendants' position is that such production is inappropriate and not legally required.

**16.    Expedited Trial Procedure/Expedited Schedule**:

**Plaintiff's Position**: Plaintiff does not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. Plaintiff

7

proposes the briefing schedule regarding document production and cross-motions for summary judgment set forth in Section 17, below.

**Defendants' Position**: Defendants anticipate that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17.    Scheduling**:

The parties agree that the case should proceed to briefing on cross-motions for summary judgment and, in the event that the parties are unable to resolve the merits issues at the settlement conference with Magistrate Judge Beeler scheduled for March 27, 2023, to hearing and decision by the Court. The parties request that the Court enter the following briefing schedule:

| | |
|---|---|
| Plaintiff's motion for summary judgment: | January 29, 2024 |
| Defendants' opposition and cross-motion for summary judgment: | February 28, 2024 |
| Plaintiff's opposition to cross-motion and reply: | March 13, 2024 |
| Defendants' reply in support of cross-motion: | March 26, 2024 |
| Hearing on cross-motions for summary judgment: | April 25, 2024 |

**18.    Trial**:

The parties anticipate resolving the document production issues presented in this case before trial, informally or via cross-motions for summary judgment.

**19.    Disclosure of Non-Party Interested Entities or Persons**:

**Plaintiff's Position**:

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that other than the named parties, there is no such interest to report.

**Defendants' Position**: Defendants are government entities that are exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**20.    Professional Conduct**:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**:

None at this time.

Dated: December 13, 2023

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
*s/Marisol Dominguez-Ruiz*
Marisol Dominguez-Ruiz
*mdominguez-ruiz@aclu.org*
Kyle Virgien
*kvirgien@aclu.org*
Eunice Cho
*echo@aclu.org*

*Attorneys for Plaintiff*

ISMAIL J. RAMSEY
United States Attorney

Dated: December 13, 2023

By: *s/David M. DeVito*
DAVID M. DEVITO
Assistant United States Attorney

Attorney for Defendants

9

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:23-cv-3450-DMR

**ATTESTATION OF SIGNATURES**

I, Marisol Dominguez-Ruiz, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California, that I have obtained the concurrence of each signatory hereto in the filing of this document.

Dated: December 13, 2023

*s/Marisol Dominguez-Ruiz*
Marisol Dominguez-Ruiz
mdominguez-ruiz@aclu.org


Attorney for Plaintiff
AMERICAN CIVIL LIBERTIES UNION FOUNDATION