ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
DAVID M. DEVITO (CABN 243695)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7332
   Facsimile: (415) 436-6748
   E-mail: david.devito@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Defendants. | No. 4:23-cv-3450-DMR<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date and Time: June 27, 2024 at 1:00 p.m.<br>CMC Location: Zoom webinar |

Pursuant to Civil L.R. 16-9, Plaintiff American Civil Liberties Union ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and Department of Homeland Security ("DHS") hereby submit the following further joint Case Management Statement in advance of the Case Management Conference set for June 27, 2024 at 1:00 p.m.

**1.**    **Jurisdiction and Service**: This action arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Court has subject matter jurisdiction over this FOIA action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331 and 1346. The parties do not contest personal jurisdiction or venue in this case. No parties remain to be served.

**2.**    **Facts**:

**Plaintiff's Contentions**: Plaintiff brings this action seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA to immediately release improperly withheld agency records related to electronic legal research media provided to people held in ICE detention.

On March 30, 2023, Plaintiff filed a FOIA Request (the "FOIA Request") requesting the following documents:

- (1) Electronic Law Library Materials provided at or to any ICE detention facility;
- (2) All supporting materials related to Electronic Law Library materials provided at or to any ICE detention facility;
- (3) Any document related to software requirements for use of Electronic Law Library materials.

With respect to the form of production, the ACLU requested that responsive records be provided in their native file format, including CD-ROMs or External Hard Drives.

As of July 11, 2023, neither Defendant had provided a substantive response to Plaintiff's FOIA request, and Plaintiff brought this action to compel disclosure of information to which the public is entitled.

**Defendants' Contentions**: Plaintiff's FOIA Request seeks three categories of information: (1) the actual detention center electronic law library materials in native format; (2) "Supporting Materials" as defined in the FOIA Request, which include usage guides and training materials relating to the law libraries; and (3) documents related to software requirements for use of the law library materials. Defendants produced the documents responsive to category (2), and completed a reasonable search for documents in category (3) and advised Plaintiff that no such documents exist. With respect to category (1), Defendants have explained to Plaintiff that ICE contracts with a third party to provide the electronic law library materials that are made available at detention centers. The third-party contractor provides the materials on an external hard drive, which is owned by the contractor. The contractor installs on the hard drive a series of databases (some or all of which are subject to intellectual property protections) and its proprietary software necessary to utilize those databases, which are provided to ICE under a limited license. The contractor updates the external hard drive quarterly, and ICE is required to return it at the conclusion of the contract. The information provided on the external hard drive is provided by ICE in

FURTHER JOINT CASE MANAGEMENT STATEMENT
Case No. 4:23-cv-3450-DMR

law libraries for the use of detainees; it is not utilized by agency personnel. Defendants have produced a copy of the agency's contract with the third-party vendor to Plaintiff.

This native version of the information on the external hard drive is subject to numerous defenses. The native materials provided by the contractor are not controlled by or subject to the free disposition of ICE, and thus are not agency records. Nor are they utilized by agency personnel, and thus would not be agency records even if controlled by ICE because they provide no information about the government's operation, structure, or decision-making processes. And even if the information qualified as an agency record, the contractor's proprietary information, including its software, as well as any other intellectual property, is exempt from disclosure pursuant to FOIA pursuant to Exemption (4). *See* 5 U.S.C. § 552(b)(4). Contrary to Plaintiff's assertions, the agency's contract confirms the validity of these defenses.

**3.   Legal Issues**:

The parties disagree whether the electronic law library constitutes an agency record that must be produced under FOIA, and whether, if so, FOIA Exemption 4 permits the government to withhold it. The parties' positions on these issues are set out in their summary judgment cross-briefing. ECF Nos. 34, 40, 44, 46.

**4.   Motions**:

The parties have filed cross-motions for summary judgment, which are fully briefed and set for hearing concurrently with the further Case Management Conference on June 27, 2024.

**5.    Amendment of Pleadings**:

The parties do not anticipate amending their pleadings.

**6.   Evidence Preservation**:

The parties do not presently anticipate any disputes regarding evidence preservation efforts. The parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information and acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law.

**7.   Disclosure**:

FURTHER JOINT CASE MANAGEMENT STATEMENT
Case No. 4:23-cv-3450-DMR

      Plaintiff does not anticipate the need for initial disclosures, but reserves the right to request them if unanticipated issues and disputes arise.

**8.**     **Discovery**:

      Plaintiff submitted a first request for production of documents related to the contract between ICE and third-party vendor for the ICE Detention Electronic Law Library on November 2, 2023. Plaintiff also filed a FOIA request for the contract. On November 8, 2023, the parties met informally and Plaintiff withdrew its request for production and FOIA request in return for Defendants' agreement to produce the contract on November 9, 2023. Defendants contend that they produced the contract on November 9, 2023. Plaintiff notes that Defendants' November 9, 2023 production did not include the Master Agreement, ECF No. 42-1, even though Defendants now claim that "ICE is a party to the Master Agreement" such that "ICE's use of the Offline Lexis Materials is subject to [its] terms," ECF No. 42 at ¶ 5. Plaintiff anticipates resolving the document production issues presented in this FOIA case via the parties' cross-motions for summary judgment, without the need for formal discovery, although Plaintiff reserves the right to conduct further discovery if unanticipated issues and disputes arise.

**9.**     **Class Actions**:

      Not applicable.

**10.**     **Related Cases**:

      Not applicable.

**11.**     **Relief**:

      **Plaintiff's Position**: Plaintiff seeks declaratory relief declaring that ICE's failure to disclose the records requested by Plaintiff violates FOIA. Plaintiff further seeks injunctive relief ordering ICE to expeditiously conduct an adequate search for all outstanding records responsive to Plaintiff's FOIA request, and to expeditiously and appropriately disclose, as soon as practicable, all responsive, non-exempt records. Furthermore, Plaintiff seeks reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and any other relief as the Court may deem just and proper.

      **Defendants' Position**: Defendants deny that Plaintiff is entitled to any relief.

**12. Settlement and ADR**:

The parties attended a settlement with Magistrate Judge Laurel Beeler on March 27, 2024. The parties exchanged additional written settlement proposals after the settlement conference and met and conferred and determined that further settlement efforts were unlikely to be productive at this time.

**13. Consent to Magistrate Judge for All Purposes**:

The parties have consented to the Honorable Magistrate Donna M. Ryu conducting all further proceedings including trial and entry of judgment.

**14. Other References**:

The parties agree that this action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**:

The parties agree that a ruling from the Court on the pending cross-motions for summary judgment is necessary to resolve or at least narrow the disputed issues.

**16. Expedited Trial Procedure/Expedited Schedule**:

**Plaintiff's Position**: Plaintiff does not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. Plaintiff proposes the briefing schedule regarding document production and cross-motions for summary judgment set forth in Section 17, below.

**Defendants' Position**: Defendants anticipate that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17. Scheduling**:

The parties agree that the schedule for any further proceedings is likely to be affected by the outcome of the Court's ruling on the pending cross-motions for summary judgment. The parties will meet and confer after the Court issues its ruling regarding the need for further proceedings and proposed scheduling and report to the Court regarding same.

**18. Trial**:

The parties anticipate resolving the document production issues presented in this case before trial via the pending cross-motions for summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**:

**Plaintiff's Position**:

Plaintiff has filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that other than the named parties, there is no such interest to report.

**Defendants' Position**: Defendants are government entities that are exempt from filing a certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**20. Professional Conduct**:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**:

None at this time.

DATED: June 20, 2024                                Respectfully submitted,

                                                    ISMAIL J. RAMSEY
                                                    United States Attorney

                                                    /s/ David M. DeVito*
                                                    DAVID M. DEVITO
                                                    Assistant United States Attorney

                                                    Attorneys for Defendants

DATED: June 20, 2024                                AMERICAN CIVIL LIBERTIES UNION
                                                    FOUNDATION

                                                    /s/Marisol Dominguez-Ruiz
                                                    MARISOL DOMINGUEZ-RUIZ
                                                    KYLE VIRGIEN
                                                    EUNICE CHO

                                                    Attorneys for Plaintiff

---

\* In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that counsel for Plaintiff has concurred in the filing of this document.