MARISOL DOMINGUEZ-RUIZ (SBN 345416)
KYLE VIRGIEN (SBN 278747)
mdominguez-ruiz@aclu.org
kvirgien@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
425 California Street, Suite 700
San Francisco, CA 94104
Tel.: (202) 393-4930

EUNICE CHO (*Pro Hac Vice*)
echo@aclu.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 4:23-cv-3450<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL DECLARATION (ECF NO. 57)** |

## I. INTRODUCTION

In this Freedom of Information Act ("FOIA") case, the government has refused to release a copy of electronic law library materials provided by Immigration and Customs Enforcement ("ICE") to detained immigrants. The government argues that the requested records are not "agency records" under FOIA, claiming that ICE has no control over the requested materials because they are subject to the terms of a "Master Agreement" that restricts the agency's ability to use and dispose of the records. ECF No. 40 at 11; ECF No. 42 at ¶¶ 5-6; ECF No. 42-1. Plaintiff, however, has argued that the Master Agreement initially provided by the Defendants, which applies to Reed Elsevier, Inc. and is dated with the year 2010, does not actually apply to the requested electronic law library materials, developed by Relx, Inc. in 2022. Plaintiff has further argued that the government has provided no evidence to show that it is actually bound by the terms of the Master Agreement. ECF No. 44 at 16-17. After oral argument, on June 27, 2024, the Court ordered Defendants to submit a supplemental declaration supporting their claim that the LexisNexis Master Agreement governs the contract between ICE and Relx, Inc. for the electronic law library. ECF No. 51.

Like the government's prior filings, the supplemental declaration and new version of a Master Agreement fail to satisfy the government's burden. ECF Nos. 57, 57-1. First, the government fails to show that it is bound by the terms of its new version of the Master Agreement. Like the previous version, this new Master Agreement again appears to apply to Reed Elsevier, not Relx, Inc., which ceased to exist as of 2015, over seven years before Relx signed the operative contract with ICE. ECF No. 44 at 16. Second, the key claims upon which the government relies in the supplemental declaration are based on statements that lack personal knowledge, are inadmissible hearsay, and do not meet the requirements of Federal Rule of Civil Procedure 56(c)(4). Lastly, Defendants have failed to introduce evidence to show that the person who purportedly bound the government had authority to obligate the government to the Master Agreement. Defendants have failed to meet their burden of proof with the supplemental declaration, and their summary judgment motion should fail.

## II. ARGUMENT

**A. Defendants' New Version of the Master Agreement Does Not Apply to the Electronic Law Library.**

Defendants initially provided a Master Agreement that purportedly applied to the requested materials. ECF No. 42-1. However, this initial version clearly did not govern, as it applied to a "LexisNexis® CD" with "copyright © 2010 LexisNexis®, a division of Reed Elsevier Properties, Inc." ECF No. 42-1 at 1. As Plaintiff noted, Reed Elsevier ceased to exist in 2015, and the Master Agreement applied to a "LexisNexis CD," although the Defendants claimed that the requested materials are not provided on CD-ROM. ECF No. 44 at 16.

Defendants' new version of the Master Agreement does no better. In the supplemental declaration, Mr. Shawn O'Donnell states that "ICE examined an [Electronic Hard Drive] provided by RELX and located the Microsoft Word file containing the Master Agreement, which came preinstalled on the [Electronic Hard Drive] and which appears as part of the installation process." ECF No. 57 ¶ 9. He then explains that "[a] true and correct copy of that Microsoft Word file, which has been printed to pdf, is attached hereto as Exhibit A." *Id.* This new version of the Master Agreement, however, suffers from the same fatal deficiencies as the former version. Like the former version, this new Master Agreement specifies that it applies to a "LexisNexis® CD," not an External Hard Drive. ECF No. 57-1 at 2. Furthermore, this new version does not refer to Relx, but rather, refers to LexisNexis as a "division of Reed Elsevier Inc." ECF No. 57-1 at 10 (¶ 10.4). As Plaintiff has already noted, Reed Elsevier ceased to exist in 2015, over seven years before Relx signed the operative contract with ICE. ECF No. 44 at 16. Defendants again fail to meet their burden of proof.

**B. Critical Portions of the Supplemental Declaration Fail to Meet the Requirements of FRCP 56(c)(4).**

A close examination of the supplemental declaration reveals that critical portions necessary for Defendants to meet their burden of proof fail to meet the requirements of Federal Rule of Civil Procedure 56(c)(4), as they are not based on personal knowledge, are based on

inadmissible hearsay, or are conclusory or speculative. Rule 56(c)(4) requires that a declaration or affidavit submitted by a party "to support or oppose" a motion for summary judgment "must be made on personal knowledge [and] set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4). "Statements in affidavits that are legal conclusions, speculative assertion, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by Rule 56(c)(4)." *Wilson v. Fox*, No. 2:16-cv-0219JAMACP, 2019 WL 1098993, at *6 (E.D. Cal. Mar. 8, 2019) (citing to *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)); *see also Trentadue v. United States Cent. Intel. Agency*, No. 2:08-CV-0788, 2013 WL 12291523, at *1 (D. Utah Sept. 9, 2013) (striking government's declaration for lack of personal knowledge in FOIA case, noting "inconsistencies over time in the Government's representations"). Courts "have rejected as impermissible hearsay" agency declarations based on "out-of-court statements by private third parties." *Ecological Rts. Found. v. U.S. Env't Prot. Agency*, 541 F. Supp. 3d 34, 49 (D.D.C. 2021) (citing multiple cases); *see also Humane Soc'y of U.S. v. Animal & Plant Health Inspection Serv.*, 386 F. Supp. 3d 34, 44 (D.D.C. 2019) (declining to consider government affidavit relying on third-party submissions to justify an agency's withholding under FOIA).[1]

As an initial matter, Mr. O'Donnell consistently fails to demonstrate personal knowledge for statements or conclusions made throughout the declaration. This failure is particularly fatal, as statements most critical to the case are not based on his own personal knowledge, but that of others, including third parties. As Mr. O'Donnell explains in Paragraph 6, "[i]n response to the Court's June 27, 2024 order, I made further inquiries to the contract officer responsible for the

---

[1] In a FOIA case, hearsay is permissible in an affidavit or declaration when courts are "assessing the adequacy of the agency's search." *Ecological Rts. Found.*, 541 F. Supp. 3d at 49 (citation omitted); *see also Garris v. Fed. Bureau of Investigation*, 937 F.3d 1284, 1293 (9th Cir. 2019). However, there is no distinct Rule 56 personal knowledge standard for FOIA cases, particularly where, as here, the agency affidavit goes beyond an inquiry regarding search adequacy. *See Ecological Rts. Found.*, 541 F. Supp. 3d at 48 (noting that the "suggestion that the personal-knowledge requirement somehow applies differently or more leniently in a FOIA case than in other legal contexts is just wrong."). Rather, the permissibility of hearsay evidence to demonstrate search adequacy is based on the "generally applicable standard for personal knowledge under Rule 56," in consideration of a FOIA officer's "knowledge of the procedures used in handling [a FOIA] request and his familiarity with the documents in question." *Id.* at 47 (citation omitted) (alterations in original).

RELX Contract. We searched for additional records, including any prior agreements or contract drafts, and communications related to the agreement. *We also contacted RELX for additional information*." ECF No. 57 ¶ 6 (emphasis added).

For example, at Paragraph 8, Mr. O'Donnell asserts he was "able to confirm that acceptance of the Master Agreement by ICE occurs as part of the installation of the Offline Lexis Materials." *Id.* at ¶ 8. This conclusory statement, however, lacks any information as to the basis of his personal knowledge. Mr. O'Donnell, for example, does not clarify whether he or another agency employee observed installation of these electronic materials, or whether RELX provided this "confirmation." Nor does he explain the basis for his knowledge of the next two sentences in the paragraph. To conclude the paragraph, Mr. O'Donnell makes another speculative, hearsay statement: "It is my understanding that the installer must, and always does, accept the terms of the Master Agreement during the installation process, and that this has been occurring throughout the life of the RELX Contract." *Id*. Notably, Mr. O'Donnell does not claim to have first-hand knowledge of this information. *Contra id.* at ¶ 9 ("I conducted a comparison of the language of Master Agreement…"). Mr. O'Donnell's statement is not based on his own personal knowledge, and he provides no information as to how he came to this understanding or the source of this specific information, including a third party.

In Paragraph 11, O'Donnell similarly fails to fully explain who provided the answer to the "inquiries" that formed the basis of his "understanding" that "the Master Agreement has been included with the [External Hard Drive] and each quarterly update provided by RELX dating back to prior contracts" since "at least 2012." *Id.* ¶ 11. Notably, Mr. O'Donnell has only occupied his position at ICE since May 24, 2020, and makes this claim without explanation as to his personal knowledge of the claim. *Id*. at ¶ 1. Nor does Mr. O'Donnell identify whether this information originated in an official document, or from RELX, a third party. Likewise, in Paragraph 12, Mr. O'Donnell can only speculate to whether any changes have occurred to the Master Agreement "over the course of the relationship between ICE and RELX." *Id*. at ¶ 12.

These statements fail to meet the requirements of Rule 56(c)(4), and are insufficient evidence at summary judgment.

### C. The Government's Supplemental Declaration Fails to Provide Evidence Showing That It Is Bound by the Terms of the Master Agreement.

Defendants also fail to submit any admissible evidence to identify the person who bound the government to the terms of the Master Agreement or their actual authority to do so. "A contract with the United States…requires that the Government representative who entered or ratified the agreement had actual authority to bind the United States." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). In Paragraph 8, Mr. O'Donnell claims, without attribution to source, that he was "able to confirm that acceptance of the Master Agreement by ICE occurs as part of the installation of the Offline Lexis Materials." ECF No. 57 at 2. O'Donnell's speculative and conclusory assertion continues: "[T]he Offline Lexis Materials and associated software are installed by *an ICE employee* at the ICE facility where the Offline Lexis Materials are used." *Id*. at 2-3 (emphasis added). These statements lack personal knowledge and are based on impermissible hearsay. Even more critically, Defendants provide no information, including qualifications, responsibilities, or titles of the ICE employees otherwise sufficient to demonstrate that the installer has the ability to bind the government to an agreement. Defendants' supplemental declaration fails to provide sufficient evidence at summary judgment.

### III.   CONCLUSION

For the aforementioned reasons, Defendants' supplemental declaration and new version of the Master Agreement fail to meet their burden of proof at summary judgment.

| | | |
|---|---|---|
| 1 | Dated: August 19, 2024 | Respectfully submitted, |
| 2 | | /s/ Marisol Dominguez-Ruiz |
| 3 | | |
| 4 | | MARISOL DOMINGUEZ-RUIZ (SBN 345416) |
| 5 | | KYLE VIRGIEN (SBN 278747)<br>mdominguez-ruiz@aclu.org |
| 6 | | kvirgien@aclu.org<br>AMERICAN CIVIL LIBERTIES |
| 7 | | UNION FOUNDATION<br>425 California St., Suite 700 |
| 8 | | San Francisco, CA 94104<br>Tel.: (202) 393-4930 |
| 9 | | |
| 10 | | EUNICE CHO (Pro Hac Vice)<br>echo@aclu.org |
| 11 | | AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION |
| 12 | | 915 Fifteenth Street NW, 7th Floor<br>Washington, DC 20005 |
| 13 | | Tel.: (202) 548-6616 |
| 14 | | *Attorneys for Plaintiff* |