ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
DAVID M. DEVITO (CABN 243695)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7332
    Facsimile: (415) 436-6748
    E-mail: david.devito@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 4:23-cv-03450-DMR<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND DISMISSAL** |

    Plaintiff American Civil Liberties Union ("Plaintiff") and Defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security (collectively, "Defendants"), by and through their undersigned counsel, hereby enter into this Stipulation and [Proposed] Order Regarding Settlement and Dismissal ("Stipulation") as follows:

    1.    ICE shall pay to Plaintiff, in total, the amount of fifteen thousand U.S. dollars and zero cents ($15,000.00) (the "Settlement Amount") in full and complete satisfaction of Plaintiff's claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matter. Payment of the Settlement Amount to Plaintiff shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and

litigation expenses in the above-captioned matter, and is inclusive of any interest.  Payment of this money will be made by electronic funds transfer after notification of the Court's entry of this Stipulation and receipt of necessary information from Plaintiff in order to effectuate the payment.  ICE will make all reasonable efforts to make payment within thirty (30) days of the date that Plaintiff's counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that timeframe.

2. Upon the execution of this Stipulation, Plaintiff, having received responsive records, hereby releases and forever discharges Defendants, and their successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the specific FOIA request on which this action is based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affects his or her settlement with the debtor or released party."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by Plaintiff's attorney, and fully understanding the same, in settlement of this FOIA action, nevertheless elects to waive the benefits of any and all rights Plaintiff may have pursuant to the provisions of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

4. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

5. The parties acknowledge that this Stipulation is entered into solely for the purpose of

settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendants, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by Defendants regarding Plaintiff's entitlement to attorneys' fees, costs, or other litigation expenses under FOIA.  This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendants.

      6.      This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

      7.      If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

      8.      This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

      9.      The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

      10.      This Stipulation may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

      11.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

///

///

///

///

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: December 19, 2024 | ISMAIL J. RAMSEY<br>United States Attorney |
| | /s/ David M. DeVito*<br>DAVID M. DEVITO<br>Assistant United States Attorney |
| | Attorneys for Defendants |
| Dated: December 19, 2024 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | /s/ Eunice Cho<br>Eunice Cho<br>Kyle Virgien<br>Marisol Dominguez-Ruiz |
| | Attorneys for Plaintiffs |

* In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that concurrence in the filing of the document has been obtained from the other Signatory.

1
**[PROPOSED]** ~~[PROPOSED]~~ **ORDER**

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4  Dated: December 20, 2024                _____
                                            HON. DONNA M. RYU
5                                           United States Chief Magistrate Judge